UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

          Plaintiff,

v.

JEFFREY WICKHAM, et al.,

          Defendants.
_____/

Case No. 20-10002
District Judge Linda V. Parker
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On January 2, 2020, Plaintiff Bradley T. Peterson filed the present action under 42 U.S.C. § 1983, alleging Fourth and Fourteenth Amendment violations during the course of his August, 2019 arrest by members of the Belleville Police Department. Currently before the Court is Defendant State of Michigan's February 13, 2002 Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [ECF No. 11], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)91)(B).

For the reasons set forth below, I recommend that the State of Michigan's Motion to Dismiss be GRANTED, dismissing claims against it WITH PREJUDICE.

**I.   PLAINTIFFS' ALLEGATIONS**

The allegations are taken from the Complaint. On August 24, 2019, Plaintiff was riding his bike through a City of Belleville park when Defendants Jeffrey Wickham and

Defendant Nick Johns, City of Belleville police officers, approached him. *Complaint,* ¶ 1. Defendant Wickham said to Plaintiff "Mr. Terrorist, there's [no] drinking in the park." Plaintiff notes that at the time, he was holding an empty beer bottle inside of a plastic bag. *Id.* Plaintiff alleges that because of a prior arrest in 2017, he answered respectfully that the beer bottle was empty and that he had not been drinking. *Id.* He then "respectfully asked" Defendants "if they wore any body video." *Id.* He alleges that both officers became angry and began assaulting him by "twisting and grabbing" his wrist and arms; throwing him to pavement; smashing his face and head; and then attempted to throw the bike into the weeds. *Id.* Plaintiff states that upon arrest, he "had to demand" that his bike was "secure and safe." *Id.* He states that once in jail, he accused the City of Belleville Police Department of racism, bias, prejudice, false arrest, slander, and false imprisonment. He alleges that as a result of the arrest, he experienced "heart pain," stroke, numbness, head injuries, and emotional and mental stress. *Id.* Plaintiff, a "Native Indian-African," states that he lives "in fear" of "Jim Crow laws" and "self-imposed immunity laws" that prevent members of racial minorities from obtaining redress. *Id.*

## II.   STANDARD OF REVIEW

Challenges to the Court's subject matter jurisdiction are brought under Fed.R.Civ.P. 12(b)(1). The party opposing a Rule 12(b)(1) motion "bears the burden of proving jurisdiction." *EEOC v. Hosanna–Tabor Evangelical Lutheran Church & Sch.*, 597 F.3d 769, 776 (6th Cir. 2010). Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate where a plaintiff

lacks standing. *Ward v. Alternative Health Delivery Systems, Inc.*, 261 F.3d 624, 626 (6th Cir. 2001). "A motion to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction is a proper vehicle to assert Eleventh Amendment immunity." *Lee Testing & Engineering, Inc. v. Ohio Dept. of Transp.*, 855 F.Supp.2d 722, 725 (S.D.Ohio,2012).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what

-3-

it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III. DISCUSSION

#### A. Claims Against the State of Michigan are Barred by the Eleventh Amendment

The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 94 (1974). "There are three exceptions to a state's sovereign immunity." *Puckett v. Lexington–Fayette Urban County Government*, 833 F.3d 590, 598 (6th Cir. 2016). "(1) [W]hen the state has consented to suit; (2) when the exception set forth in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) applies; and (3) when Congress has clearly and expressly abrogated the state's immunity." *Id.* (*citing S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)).

None of the three exceptions applies here. As to the first exception, the State of

Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The second exception likewise does not apply: "The *ex parte Young* doctrine applies when the lawsuit involves an action against state officials, not against the state itself" under which "'a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law . . . .'" *Puckett,* at 598 (*quoting ex parte Young* at 507-08). Here, Plaintiff has named the State of Michigan not a state official. *See McCormick v. Miami University*., 693 F.3d 654, 661 (6th Cir. 2012)(Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against the State itself as well as its agencies). Aside from that bar, Plaintiff does not articulate a basis for prospective injunctive relief. He alleges that the State has "a long record[]" of "bias," "discrimination," "false imprisonment," and enforcing "Jim Crow" laws. *Complaint* at ¶ 4. However, the Complaint cannot be read to include any request for declaratory or injunctive action against the State, much less one of its agents. As to the third exception, it is without question that Congress did not abrogate the State of Michigan's sovereign immunity when it passed § 1983. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Will v. Mich. Department of State Police*, 491 U.S. 58, 66 (1989).

    Accordingly , Plaintiff's federal claims against the State of Michigan are barred by the Eleventh Amendment.

### B. Dismissal of the Claims Against the State of Michigan is Also Appropriate Under Fed R. Civ. P. 12(b)(6)

Plaintiff has also failed to state a claim against the State of Michigan. While he alleges a "long . . . history" of falsely imprisoning him by the State of Michigan and applying racially discriminatory laws resulting in his alleged physical assault and unlawful imprisonment during his August, 2019 arrest, he does not identify how the State of Michigan was involved in the incident or which State laws violate his equal protection clause of the Fourteenth Amendment. To the extent that Plaintiff's action includes the state law claims of assault, slander, false arrest and imprisonment during the August, 2019 incident, he has failed to provide any factual basis to implicate the State of Michigan.

In opposition to the present motion, Plaintiff makes reference to his earlier-filed civil rights case in this Court against City of Woodhaven police officers and the State of Michigan to illustrate a pattern of misfeasance by the State. [ECF No. 13, PageID.85]. *Peterson v. Smith,* Case No. 18-12838. However, Plaintiff's claims against the State of Michigan in that case have been dismissed for the reasons articulated here. *Id.,* Doc. #48.

### IV.   CONCLUSION

For these reasons, I recommend that Defendant's motion to dismiss [ECF No. 11] be GRANTED, and that Plaintiff's claims against the State of Michigan be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days

of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc., and any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," *etc.*

                                                                    s/R. Steven Whalen
                                                                    R. STEVEN WHALEN
                                                                    United States Magistrate Judge

Dated: April 14, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 14, 2020 electronically and/or by U.S. mail.

                                              s/Carolyn M. Ciesla
                                              Case Manager