UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

    Plaintiff,

v.

Case No. 20-10002
Honorable Linda V. Parker

JEFFREY WICKHAM, et al.,

    Defendants.
_____/

**<u>OPINION & ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [ECF NO. 26]; (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 24]; AND (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 17]</u>**

On January 2, 2020, Plaintiff Bradley T. Peterson filed this action under 42 U.S.C. § 1983 against the City of Belleville ("City"), as well as Jeffrey Wickham and Nick Johns, police officers employed by the City, alleging Fourth and Fourteenth Amendment violations during the course of his August 2019 arrest. (ECF No. 1.) Defendants subsequently moved for summary judgment as to all claims against them. (ECF No. 17.) The Court referred the matter to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A)

and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 5.)

In a Report and Recommendation ("R&R") issued on January 29, 2021, Magistrate Judge Whalen recommends that the Court grants Defendants' Motion for Summary Judgment for four reasons.  First, as to the excessive force claim, Wickham's and Johns' "uncontested affidavits" show that (i) "Plaintiff refused several requests to put down a large bottle that could be used as a weapon, and resisted [] Wickham when he tried to take the bottle"; (ii) "Plaintiff refused requests to put his hands behind him, and aggressively resisted the Defendants' attempts to place handcuffs on him"; and (iii) "[w]hen [] taken to the ground, [] Plaintiff continued to resist, attempting to pull his arms away in a forward motion." (ECF No. 24 at Pg. ID 340.)  For these reasons, a reasonable jury would find that the amount of force used was objectively reasonable under the totality of the circumstances from the perspective of a reasonable officer at that time.  (*See id.* at Pg. ID 341.)  Magistrate Judge Whalen further notes that the evidence shows that Plaintiff experienced insignificant or no injury during the arrest (*id.*), and the individual Defendants are entitled to qualified immunity as Plaintiff failed to establish triable issues of fact as to the excessive force claim (*id.* at Pg. ID 341).

Second, as to the equal protection claim based on the theory of selective enforcement, Plaintiff did not identify individuals who are members of another

race who were treated differently under similar facts and Plaintiff failed to show that Defendants had intent to discriminate or had a discriminatory purpose for arresting him. (*Id.* at Pg. ID 342.) Magistrate Judge Whalen further noted that Plaintiff's equal protection claim is based on nothing more than speculation and the individual Defendants had probable cause to arrest him. (*Id.*)

Third, Magistrate Judge Whalen noted that an essential element of Plaintiff's false arrest and false imprisonment claims is the absence of probable cause (*id.*), and "Wickham[']s and Johns' direct observations provided probable cause to arrest [] Plaintiff for possession of alcohol on the park grounds" (*id.* at Pg. ID 344). These observations include (i) Plaintiff calling out to the individual Defendants while they effected a traffic stop; (ii) Plaintiff in the park pavilion with his bicycle; (iii) Plaintiff drinking out of a paper bag, which in the individual Defendants' experience suggested that the bag contained an alcoholic beverage; (iv) Wickham noticing the smell of alcohol as the individual Defendants approached; and (v) the individual Defendants observing the top of a bottle contained in the bag and noting that it resembled the distinctive top of a 40-ounce Budweiser beer bottle. (*Id.*) Magistrate Judge Whalen further noted that "Plaintiff's refusal to follow lawful commands, refusal to put down the bottle, and his physical resistance to a lawful arrest" established probable cause to arrest Plaintiff for resisting and obstructing a police officer. (*Id.*)

Finally, Magistrate Judge Whalen concludes that the claims against the City fail because there is no municipal liability where no constitutional violation by individual defendants is established. (*Id.* at Pg. ID 345.)

At the conclusion of the R&R, Magistrate Judge Whalen informed the parties that they must file any objections to the R&R within fourteen days. (*Id.* at Pg. ID 346.) He further advised that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* (citations omitted).) On February 23, 2021, per Plaintiff's request, the Court extended the time to file objections to March 9, 2021. (ECF No. 25.) Plaintiff filed objections to the R&R on March 8, 2021. (ECF No. 26.)

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the magistrate judge's R&R to which a party has filed "specific objection[s]" in a timely manner. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize what has been presented before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).

Plaintiff raises four objections to the R&R. First, regarding the excessive force claim, Plaintiff argues that the Defendants "never lawfully tested [] [P]laintiff

4

for any alcohol or drugs and did not keep any lawful evidence in [the] case," including video footage.  (ECF No. 26 at Pg. ID 352.)  As an initial matter, Plaintiff does not explain how Defendants' failure to test for drugs or alcohol is relevant to the issue of whether Defendants used excessive force.  In addition, both Wickham and Johns individually declared that they "did not destroy any video pertaining in any way to Plaintiff [] [] or the incident he complains of in the lawsuit."  (ECF No. 19-1 at Pg. ID 309, ⁋ 2; ECF No. 19-2 at Pg. ID 312, ⁋ 2.)  They also declared that, even if Wickham's in-car video has been recording on the day of the arrest, it would not have captured the incident because the car was not pointed in the direction of where the individual Defendants encountered Plaintiff.  (ECF No. 19-1 at Pg. ID 309, ⁋ 5; ECF No. 19-2 at Pg. ID 312, ⁋ 3.)  Wickham further declared that, under the City's retention policy, in-car video is retained for 60 days:  "[S]o even if video pertaining to Plaintiff did exist," by requesting the video evidence for what appears to be the first time on December 17, 2019, "Plaintiff did not request that the video be preserved until after the retention period expired."  (ECF No. 19-1 at Pg. ID 309, ⁋⁋ 6-7.)  Plaintiff does not proffer any affidavits or other evidence disputing any of these facts as described by the individual Defendants.  *See* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . .[,] the court may . . . consider the fact undisputed for purposes of the

5

motion [or] [] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . .").

Plaintiff further contends that his face was slammed into the cement during the arrest, and he experienced various injuries as a result of the arrest incident, including chest pains, stroke, and shortness of breath. (ECF No. 26 at Pg. ID 352-53.) Notably, while this argument focuses on whether Plaintiff experienced injury, it does not express disagreement with Magistrate Judge Whalen's conclusion regarding the reasonableness of the amount of force used in light of Plaintiff's actions during the arrest incident. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *Howard*, 932 F.2d at 509) (stating that objections that do not "identify alleged errors on the part of the magistrate judge" are invalid). Moreover, as Magistrate Judge Whalen points out, Plaintiff does not turn the Court's attention to any affidavits or other evidence that contradicts the events set forth in Defendants' affidavits (ECF No. 24 at Pg. ID 336), or that otherwise support the conclusion that his face was slammed into the concrete or that he experienced such injury. *See* Fed. R. Civ. P. 56(e). Accordingly, this objection is without merit.

Second, Plaintiff argues that Magistrate Judge Whalen erred as to the equal protection claim because the individual Defendants "did not have any probable

6

cause to arrest [him]" and "Plaintiff[']s reports of racism on [the] video tape was destroyed in this case by Defendants." (ECF No. 26 at Pg. ID 354-55.) Mere disagreement with Magistrate Judge Whalen's conclusion regarding probable cause does not make an objection valid. *See Washington*, 2015 WL 5729148, at *4 (quoting *Howard*, 932 F.2d at 509)). And Plaintiff's argument regarding video footage fails for the same reasons explained above.

Third, as to the false arrest and false imprisonment claims, Plaintiff contends that the individual Defendants had no probable cause to arrest him, the individual Defendants "never administered any alcohol tests," and Defendants destroyed "all lawful video tape evidence." (ECF No. 26 at pg. ID 355.) The Court rejects this objection for the same reasons previously stated.

Finally, Plaintiff discusses a variety of topics in his fourth objection but ultimately does not take issue with Magistrate Judge Whalen's conclusion that the City is not liable because Plaintiff failed to establish a constitutional violation by the individual Defendants. *See Bellmore-Byrne*, 2016 WL 5219541, at *1 (citing *Howard*, 932 F.2d at 509).

For the foregoing reasons, the Court will reject Plaintiff's objections to Magistrate Judge Whalen's January 29, 2021 R&R, adopt the R&R, and dismiss the City and Defendants Wickham Johns from this lawsuit.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Jeffrey Wickham, Nick Johns, and City of Belleville are **DISMISSED WITH PREJUDICE** from the above-captioned case.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 22, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 22, 2021, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager